```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

VISION BANK,                            :
    Plaintiff,                      :
                                        :
vs.                                     :  CIVIL ACTION 11-0568-KD-M
                                        :
BAMA BAYOU, LLC,                        :
f/k/a RIVERWALK, LLC, et al.,           :
                                        :
    Defendants.                     :

## REPORT AND RECOMMENDATION

The Motion to Remand, filed by Counterclaim Plaintiffs/Defendants Scott Raley, Sue Raley, George S. Braswell, A.B. Harrison, Charles Trammell, Belinda Trammell, James W. Branyon, Carroll J. Castille, Stacey Castille, Jennifer V. Lawler, Stephen C. Lawler, Sara Rebecca Bain, Lester L. Boihem, Diane D. Boihem, Bama Bayou, L.L.C., Marine Park L.L.C., Gulfworld, L.L.C., The Mitchell Company, Donald P. Kelly, Jr., John B. Saint, Chester J. Stefan, Jason Dyken, Paul W. Callicoat, and Wendy Callicoat (hereafter collectively referred to as "Marine Park") (Doc. 20), the Federal Deposit Insurance Corporation's ("FDIC") Provisional Motion to Stay Issuance of Remand Order and Motion to Stay Pending Appeal (Doc. 26), and the FDIC's Motion to Strike Marine Park's Response in Support of Remand and Request for Order to Refile Response in Support of Remand (Doc. 28) have been referred for report and

recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Federal question jurisdiction has been invoked in this Court under 28 U.S.C. § 1331 (*see* Doc. 1).  After consideration, it is recommended that the Motion to Remand be granted.

## PROCEDURAL HISTORY

The facts are, briefly, as follows. On January 16, 2009, Plaintiff Vision Bank filed Complaints in state court against various Defendants herein known as Marine Park, and those cases were consolidated on July 8, 2009 (Doc. 1-1; Doc. 1-2, pp. 2-278).  On May 1, 2009, FDIC was appointed as receiver of Silverton Bank (Doc. 1-2, pp. 280-282).  On July 19, 2010, Marine Park Defendants named Silverton Bank as a counterclaim defendant in the Third Amended Counterclaims filed in state court (Doc. 1-3, p. 13).  The Third Amended Counterclaims stated that the FDIC was named the receiver for Silverton Bank and alleged Silverton Bank had acquired an 80% interest in property at issue in the case (Doc. 1-3, p. 13).  On October 15, 2010, the FDIC removed the case to Federal court, but the action was remanded on February 14, 2011 because the FDIC had not been substituted as a party as required by statutory law (*see Vision Bank v. Bama Bayou, LLC, et al.,* 1:10-cv-00572-KD-M, Notice of Removal and Order).  On February 15, 2011, Marine Park Counterclaim Plaintiffs/Defendants dismissed Silverton Bank as a party to the action (*see Vision Bank v. Bama Bayou f/k/a*

*Riverwalk LLC, et al.*, 09-CV-900085).  On April 20, 2011, Marine Bank filed its Fourth Amended Counterclaims, wherein Marine Bank Counterclaim Plaintiffs/Defendants did not name Silverton Bank nor the FDIC as parties (Doc. 1-4, pp. 2-45).  On August 1, 2011, Vision Bank Plaintiff/Counterclaim Defendant filed a motion to request that the state court join the FDIC as a party to the case or dismiss the case for failure to join an indispensable party (Doc. 1-4, pp. 188-197), and supplemented that motion on August 2, 2011 (Doc. 1-4, pp. 257-260).  However, the state court decided to rule on other matters before deciding the motion and supplemented motion to join the FDIC or in the alternative to dismiss the case (Doc. 1-4, p. 274).

On September 2, 2011, the FDIC filed a Motion to Intervene (Doc. 1-5, pp. 1-19).  On that same date, the FDIC filed a Motion for Expedited Hearing and Ruling on the FDIC's Motion to Intervene (Doc. 1-6, pp. 2-5).  The state court denied the motion for expedited hearing, and instead stated that it would hear the FDIC's Motion to Intervene after all submissions on the issue were filed, with the last date for any response to any opposition set on September 30, 2011 (Doc. 1-6, p. 7).  However, upon review of the state court's case action summary, a hearing did not yet take place (*see Vision Bank v. Bama Bayou f/k/a Riverwalk LLC, et al.*, 09-CV-900085, Case Action Summary, pp. 13-14). Four days after the last submission date, on October 4,

3

2011, the FDIC filed its Notice of Removal and the case was removed to Federal court before the state court ruled on the FDIC's Motion to Intervene (*see id.*; Doc. 1).

On November 3, 2011, Marine Park filed the Motion to Remand (Doc. 20).  Marine Park points out that the remand of this action is appropriate because there are procedural defects in the removal documents, namely, a defective signature line and inclusion of too many exhibits (*Id.*).  Also, Marine Park argues that the FDIC removal statute, the Financial Institutional Reform, Recovery, and Enforcement Act ("FIRREA"), does not support this removal because the FDIC is not a party in the case yet since the state court did not grant intervention and it cannot be substituted as a party in Silverton Bank's place since Silverton Bank was dismissed from the state case (Doc. 20). Moreover, Marine Park points out that the case law relied upon by the FDIC applied FIRREA pre-amendment; thus, the case law cited by the FDIC is no longer applicable (Doc. 20, p. 13-22).

The FDIC filed its Opposition to Motion to Remand on November 23, 2011, and argues that: (1) Federal law, rather than state law procedural rules, determines whether the FDIC removal was proper; (2) since the state court would not rule on the motion to intervene before the merits of the state case, the FDIC was justified in its removal of the action to protect its interest as a right; and (3) there are no procedural defects in

4

its notice of removal that require remand (Doc. 23). Additionally, the FDIC attached *Allsopp v. Law Offices of David Stern*, Case No. 8:02-cv-1417-T-24 MAP (M.D. Fla. Oct. 7, 2002), where the FDIC had filed a motion to intervene but the state court had not yet ruled on the motion, which is akin to this matter (Doc. 23-1, pp. 2-7).  On November 23, 2011, Counterclaim Defendant State Bank and Trust filed its Joinder in the FDIC's opposition to remand (Doc. 24).  On December 1, 2011, Marine Park filed its reply, entitled "Marine Park's Response in Support of Motion to Remand," where Marine Park points out that the *Allsopp* Court itself rejected the FDIC's argument that merely filing a motion to intervene is equivocal to granting the motion (Doc. 25, p. 2).  Subsequently, the FDIC filed a motion to stay the issuance of a remand order and motion for a stay pending appeal (Doc. 26) and Marine Park filed its response thereto (Doc. 27). On December 5, 2011, the FDIC filed a Motion to Strike Marine Park's reply, which was named a Response since Marine Park's reply exceeded the Local Rules' reply length strictures (Doc. 28, p. 2; LR 7.1(b)), and the next day Marine Park filed its response to the Motion to Strike (Doc. 29).

## LEGAL ANALYSIS

In its removal petition, the FDIC asserts that this action is removable pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1819(b)(2)(B) (Doc. 1).  In a removal action, the party

asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986). However, any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28. U.S.C. § 1441. The relevant current FIRREA removal statute states as follows:

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding *is filed against the Corporation or the Corporation is substituted as a party*.

12 U.S.C. § 1819(b)(2)(B)(emphasis added).

The Court will first take up the question of whether an action has been taken against the FDIC as a substituted party. Previously, this case was remanded by this Court because the

FDIC failed to actually be substituted for Silverton Bank, and subsequently, Silverton Bank was dismissed from the case (see *Vision Bank v. Bama Bayou, LLC, et al.*, 1:10-cv-00572-KD-M, Order; *Vision Bank v. Bama Bayou f/k/a Riverwalk LLC, et al.*, 09-CV-900085). Therefore, once Silverton Bank was dismissed from the court case, there was no party in the state court action for the FDIC to request substitution thereof.

If the FDIC is a party to an action within the meaning of § 1819(b)(2)(B), this Court has federal-question jurisdiction under 28 U.S.C. § 1331. Thus, the Court's main inquiry is whether a suit has been filed against the FDIC. The FDIC was not named in the Fourth Amended Counterclaims (Doc. 1-4, pp. 2-45). The FDIC filed a motion to intervene, but the motion had not yet been ruled upon by the state court at the time the FDIC filed it Notice of Removal (*see* Doc. 1; Doc. 1-5, pp. 1-19; *Vision Bank v. Bama Bayou f/k/a Riverwalk LLC, et al.*, 09-CV-900085, Case Action Summary pp. 13-14).

Marine Park argues that this case should be remanded because the FDIC is not a party to this action, and therefore this court has no federal jurisdiction (*see* Docs. 20-25). The FDIC argues that federal courts in the past have conferred federal jurisdiction where the FDIC has, at the very least, filed a motion to intervene regardless of whether the motion had been granted or not as evidenced, for example, in the *Heaton v.*

7

*Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 426 (5th Cir. 2002).  In turn, Marine Bank points out that the cases relied upon by the FDIC are outdated and not applicable since the cases discuss the FDIC removal statute prior to its latest amendment (Docs. 20-25).

Intervention cannot create jurisdiction where none exists since intervention "presuppose[s] an action duly brought" and it cannot "cure [the] vice in the original suit" and must "abide the fate of that suit." *United States ex. rel. Tex. Portland Cement Co. v. McCord*, 233 U.S. 157, 163-64, 34 S.Ct. 550, 58 L.Ed. 893 (1914).

As a starting point, the FIRREA removal statute itself has evolved.  From August 9, 1989, to the passage of the FDIC Improvement Act of 1991 (PL 102-242), effective December 19, 1991, the governing statute was found in 12 U.S.C. § 1819(b)(2)(B) (West 1989), and stated as follows:

> (A) In general.
> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
>
> (B) Removal.
> Except as provided in subparagraph (D), the Corporation may, <u>without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court</u>.

*FDIC v. Loyd*, 955 F.2d 316, 324 n.6 (5th Cir. 1992)(emphasis added).  The current and amended version of FIRREA provides as

follows:

> (A) In general
> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.
>
> (B) Removal
> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding <u>is filed against the Corporation or the Corporation is substituted as a party</u>.

12 U.S.C. § 1819(b)(2)(emphasis added). In *Broughton-Irving v. Saphir*, the Seventh Circuit court had a set of facts similar to those before this court. 2010 WL 4810605, *4 (Nov. 18, 2010 N.D. Ill. 2010). The *Broughton-Irving* Court looked at whether the FDIC's mere intervention conferred subject matter jurisdiction. *Id*. at *4. The FDIC in *Broughton-Irving* urged the court to "adopt the Fifth Circuit's interpretation" of 2 U.S.C. § 1819(b)(2)(A) as set forth in *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 426 (5th Cir. 2002). The *Heaton* Court held that intervention by the FDIC was enough to confer "instant subject matter jurisdiction" over a case and no other independent basis for jurisdiction existed. *Heaton*, 297 F.3d 416, 426 (5th Cir. 2002) (citing *FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992)). However, in *Heaton* the FDIC moved to intervene *after* the case was removed. *Id*. at 426. The *Broughton-Irving*

Court explained that a court applying the *Heaton* analysis "permits the FDIC to intervene, [and] essentially moots pending motions to remand." 2010 WL 4810605, *4 (citing *Heaton*, 297 F.3d at 421). Moreover, the *Broughton-Irving* Court pointed out that "[a]lthough jurisdiction is a threshold matter even in the Fifth Circuit, the *Heaton* Court cursorily justified its divergence from the rule by noting that 'the propriety of intervention' in *Heaton* was 'intertwined with subject matter jurisdiction.'" *Id*. at *4 (citing *Heaton*, 297 F.3d at 421 (citation omitted)).

The *Broughton-Irving* Court then looked at a Sixth Circuit case which explicitly declined to follow *Heaton*. 2010 WL 4810605, *4 (citing *Village of Oakwood*, 481 F.3d 364, 368 (6th Cir. 2006)). The Sixth Circuit Court, in the *Village of Oakwood,* held that § 1819(b)(2) did not override the longstanding rule that "intervention requires an existing claim within the court's jurisdiction," such that "the FDIC's intervention cannot create jurisdiction where none existed." 481 F.3d 364, 368 (6th Cir. 2006). The *Broughton-Irving* Court ultimately favored the Sixth Circuit Court's analysis and read § 1819(b)(2) "to comply with the existing rule against intervention creating jurisdiction." 2010 WL 4810605, *5.

While not pointed out by the *Broughton-Irving* Court, the *Village of Oakwood* Court discussed that if the FDIC's interests were threatened by a state court's denial of intervention, then

10

a Federal court might have cause to "adopt its own view of what constitutes a 'party'" but that because the "FDIC removed to a federal court before the state could had an opportunity to act on the FDIC's motion to intervene," then such a scenario "presents no such threat." 481 F.3d at 369, n.3. Similarly, the state court in regards to this matter did not deny the FDIC's motion to intervene so there is no actual threat at the present time.[1]

Additionally, to date, the Supreme Court has only recognized three federal statutes that completely preempt state law actions; FIRREA is not among them.[2]

---

[1] The Court notes that if the state court does indeed deny the FDIC's motion, then the FDIC could seek recourse, if appropriate. However, such speculation is not equivocal to a present threat of interests as explained in the dicta of the *Village of Oakwood* case.

[2] As explained below, complete preemption only occurs in certain circumstances:

(Continued)

Similar to the *Broughton-Irving* case, this Court understands that under the plain language of FIRREA, 18 U.S.C. § 1819 (b)(2), a district court does not have subject matter jurisdiction over a case *until* the FDIC is a substituted party or a case is filed against the FDIC (i.e. the FDIC is an actual party in a given matter)³ which differs from the pre-amendment

---

> The Supreme Court has so far found the complete preemption doctrine to apply in only three contexts: the Labor Management Relations Act ...; the Employee Retirement Income Security Act of 1974 (ERISA) ...; and, most recently, the National Bank Act, 12 U.S.C. § 85, 86 .... These statutes "have so strong a preemptive effect that they do more than merely provide a defense to a state-law claim. Instead, federal law is considered to have taken over [the] entire subject matter and made it inherently federal." 13B Charles Alan Wright, et al., Federal Practice and Procedure § 3566, at 105 (2d ed.1984).

*Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, 2003 WL 22283814, *2 (S.D.N.Y. Oct. 2, 2003).

³ The *Allsopp v. Law Offices of David Stern*, Case No. 8:02-cv-1417-T-24 MAP (M.D. Fla. Oct. 7, 2002) cited by the FDIC is not persuasive to this Court because the *Allsopp* Court did not address the FIRREA removal statute at all, and instead chose to take up the issue of intervention first, deciding whether intervention was appropriate under Florida law rather than allowing the Florida court decide the intervention issue. ALso, the Court notes that while Marine Park sets forth that the *Allsopp* Court <u>states</u> that some court, state or federal, must rule on the motion before the FDIC becomes a party, upon review this Court finds that the *Allsopp* Court <u>implies</u> this action through its own action rather than stating such a requirement in words.

FIRREA language that allowed the FDIC to remove "any action." The FDIC did not properly remove this action since it was not a proper party at the time of removal and this Court does not have appropriate subject-matter jurisdiction over this matter.[4]

### V.  CONCLUSION

Based on the foregoing, it is recommended that the Motion to Remand be granted, and that this case be remanded back to state court.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 30th day of January, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or

---

[4] Since this Report and Recommendation finds that the FDIC is not a party in this matter to confer subject-matter jurisdiction, the remainder of the arguments regarding defective removal have not and need not be addressed at this time. Also, the Court notes that the majority of Marine Park's Response that the FDIC seeks to strike and or request the document be re-filed was not used by the Court in its determination on the issue of remand.  Also, if this Report and Recommendation is adopted, then the Provisional Motion to Stay ... (Doc. 26) and Motion to Strike Marine Park's Response ... (Doc. 28) would be rendered moot.

anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.