IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BAMA BAYOU, LLC, *et al.*, ) | |
|    Defendants/Counterclaim Plaintiffs, ) | CIVIL ACTION 11-568-KD-M |
| ) | |
| v. ) | |
| ) | |
| VISION BANK, *et al.*, ) | |
|    Counterclaim Defendants. ) | |

**ORDER**

      This matter is before the Court on the Federal Deposit Insurance Corporation ("FDIC")'s Motion for Relief from Order brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. 38). Specifically, the FDIC urges the Court to "recall its Order of Remand" on the grounds that "remand was improper because[,] under [12 U.S.C.] § 1819(b)(2)(C)[,] the FDIC 'may appeal any order of remand entered by any United States district court.'" (Id. at 3).

      Although the FDIC has noticed this matter for appeal (Doc. 36), this Court has jurisdiction to consider and assess the merits of the FDIC's motion. Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003). However, the procedural posture of this case is such that the Court's ability to rule on the motion has been significantly curtailed. As the Eleventh Circuit has held, "following the filing of a notice of appeal[,] district courts do not possess jurisdiction to grant a Rule 60(b) motion." Id.

      However, the Court agrees with the FDIC that this matter should not have been remanded until the FDIC's time for appeal had expired. Therefore, the execution of the remand order is

2

**STAYED** pending the appeal of this matter. The Clerk of Court is **DIRECTED** to notify the state court that the remand has been stayed.

**DONE** and **ORDERED** this the **12th** day of **March 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**