IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 11-0568-KD-M |
| BAMA BAYOU, LLC, et al, | ) |
| Defendants / Counterclaim Plaintiffs | ) |
| vs. | ) |
| VISION BANK, et al, | ) |
| Counterclaim Defendants | ) |

**ORDER**

This action is before the Court on the following motions:

The motion of certain defendants/counterclaimants to set aside the stay of execution of the remand order - Bama Bayou, LLC, Gulf World, LLC, Scott Raley, Sue Raley, James W. Branyon, Carroll J. Castille, Stacey Castille, Sara Rebecca Bain, a/k/a Sara Rebecca Nicholls, Lester L. Boihem, Diane D. Boihem, A. B. Harrison, Debra Harrison, Stephen C. Lawler and Jennifer K. Lawler (Doc. 43);

joinder and adoption of the motion to set aside filed by defendants/counterclaimants Jason Dyken, Paul E. Callicoat and Wendy Callicoat (Doc. 51);

joinder and adoption of the motion to set aside filed by defendants/counterclaimants George Braswell, Charles Trammell, and Belinda Trammell (Doc. 52) (collectively Bama Bayou);

the Federal Deposit Insurance Corporation's response in opposition (Doc. 53);

the correction of error filed by Bama Bayou, et al (Doc. 59);[1] and

the reply filed by Bama Bayou, et al (Docs. 60, 61).[2]

---

[1] Bama Bayou filed an initial correction of error (Doc. 56), but then withdrew and replaced it with the second correction of error (Doc. 59).

Upon consideration and for the reasons set forth herein, the motions to set aside the stay of execution of the remand order filed by Bama Bayou, et al, (Docs. 43, 51, 52) are DENIED.

A. Relevant procedural background

This Court entered an order remanding this action to the Circuit Court of Mobile County, Alabama (Doc. 30).  The FDIC moved pursuant to Rule 62(e) of the Federal Rules of Civil Procedure for a stay of execution of the order of remand until after the Court of Appeals for the Eleventh Circuit had ruled on the appeal. (Doc. 38).  The FDIC alternatively moved pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure for the Court to reconsider and vacate its prior order of remand. (*Id*).  The Court granted the motion to stay but denied the motion to reconsider and vacate. (Doc. 42).

B. Discussion

1. The Court's decision on the FDIC's motion to reconsider and vacate the order of remand pursuant to Rule 60(b)(6)

As an initial consideration, Bama Bayou takes the position that this Court granted, without jurisdiction, the FDIC's Rule 60(b)(6) motion and stayed the execution of the order of remand. Bama Bayou asks this Court to reconsider and vacate that decision and enter a Rule 62.1 indicative ruling that the Court would set aside the stay.  The FDIC states that this "Court did not rule on the FDIC's Rule 60(b) motion in its March 12 Order" and asks for a Rule 62.1 indicative ruling that the Court would set aside the order of remand. (Doc. 53, p. 5)

However, the Court specifically recognized that it had no jurisdiction to grant the Rule 60(b)(6) motion; hence the motion was denied. The Court stated as follows:

> Although the FDIC has noticed this matter for appeal (Doc. 36), this Court has jurisdiction to consider and assess the merits of the FDIC's motion. *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). However, the procedural posture of this case is such that the Court's ability to rule on the motion has been significantly curtailed.

---

[2] The FDIC's motion to strike the replies (Doc. 62) is DENIED.

As the Eleventh Circuit has held, "following the filing of a notice of appeal[,] district courts do not possess jurisdiction to grant a Rule 60(b) motion." *Id.* (Doc. 42).

The Court did not grant or defer ruling on the FDIC's Rule 60(b) motion but instead exercised its discretion pursuant to Rule 62.1(a)(2) and denied the motion. Moreover, the parties have not provided any sufficient reason why the Court should vacate its denial to enter an indicative ruling under Rule 62.1(a)(3).[3] Therefore, the Court declines the requests and the denial of the FDIC's Rule 60(b)(6) motion stands.

2. Bama Bayou's motion to reconsider and set aside the stay of the order of remand

In moving this Court to reconsider its decision to grant the FDIC's motion to stay, Bama Bayou argues that the four factors do not weigh in favor of the stay and that automatic stay of an order of remand is not contemplated under Rule 62(e).[4] Bama Bayou also argues that this Court lacks jurisdiction to stay because the action was remanded on basis of lack of jurisdiction; that jurisdiction is lost upon entry of the order of remand because 28 U.S.C. §1447(d) precludes other review of an order of remand such as a motion to reconsider or a motion to stay; and that the FDIC's statutory right to appeal an order of remand does not change the analysis under the general removal statutes.[5]

Generally, a motion to reconsider is available only "when a party presents the court with

---

[3] The Rule provides that "[if] a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)."

[4] Bama Bayou moved the Court to set a briefing schedule. (Doc. 44). However, the motion is now MOOT in that Bama Bayou provided additional briefing in its replies (docs. 60, 61).

[5] Bama Bayou cites to the general removal statute, 28 U.S.C. §1447(d), which states in relevant part that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, . . .". Bama Bayou argues that the FDIC's removal statute, 12 U.S.C. § 1819(b)(2)(C) states that the FDIC "may appeal any order of remand" but provides for no other review.

3

evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Adams v. Austal, USA, L.L.C.*, 2011 WL 3360019, 1 (S.D. Ala. Aug. 4, 2011) (citation omitted) (slip copy).  The removal statute, 12 U.S.C. § 1819(b)(2)(C), gives the FDIC a statutory right to appeal an order of remand.  The Court failed to automatically stay the remand order as provided in Rule 62(a). Once the FDIC appealed, a stay order should have been issued. *See NCNB Texas National Bank, et al. v. Fennell*, 933 F. 2d 275 (5th Cir. 1991).  To do otherwise would make the right of appeal nugatory.

    C.  Conclusion

Upon consideration of the foregoing, the motions to set aside the stay of execution of the remand order (Docs. 43, 51, 52) are DENIED.

DONE this the 7th day of May, 2012.

                              **s/ Kristi K. DuBose**
                              **KRISTI K. DuBOSE**
                              **UNITED STATES DISTRICT JUDGE**