IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 11-0568-KD-M |
| ) | |
| BAMA BAYOU, LLC, et al, ) | |
| ) | |
|     Defendants / Counterclaim Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | |
| VISION BANK, et al, ) | |
| ) | |
|     Counterclaim Defendants ) | |

## ORDER

This action is before the Court on the motion for attorney's fees and costs filed by the Marine Park parties wherein they move the Court to award their just costs and actual expenses including attorney's fees resulting from the FDIC's removal of this action (doc. 34), the Federal Deposit Insurance Corporation's preliminary opposition to the motion for attorneys fees and costs (doc. 48), the submission of fee claim documentation filed by the Marine Park parties (doc. 55), and the FDIC's response (doc. 63). Upon consideration and for the reasons set forth herein, the motion for attorney's fees and costs is DENIED.

    Statement of the law

Pursuant to 28 U.S.C. § 1447(c), an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In order to determine whether to award attorneys fees, the Court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546

U.S. 132, 140, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "In light of these large objectives, [] the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. at 140-141, 126 S.Ct. at 711 (2005) (internal citations and quotations omitted).

In *Martin*, the Supreme Court rejected "the notion that the statute created a presumption in favor of awarding fees, the Court explained that § 1447(c) only authorized an award of costs and fees when such an award was just." *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir.2006) citing *Martin*, at 709-10. "The reasonableness standard was ultimately the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Bauknight*, 446 F. 2d at 1329 citing *Martin*, at 711.

<u>Relevant background in the state court</u>

The FDIC explains that a motion to join the FDIC as an indispensible party was filed in the state court but the state court judge advised the parties that the court would hear and rule on the claim for which the FDIC wished to intervene - whether the foreclosure transactions were unconscionable - before ruling on the motion to join the FDIC. Fearing serious impairment to its rights, the FDIC filed a motion to intervene. The state court did not rule on the motion to join or the motion to intervene and the FDIC removed the action on the eve of the hearing.

<u>Discussion</u>

Marine Park argues that the FDIC lacked an objectively reasonable basis for seeking removal because at the time of removal, it had not been substituted as a party in the state court case and there was no bank party for which the FDIC could be substituted. (Doc. 34). In response, the FDIC explains that the present removal was based on the FDIC's motion to

intervene and that a motion to substitute had been the basis in 2010.  The FDIC also points out that it removed this action based on a number of cases wherein the FDIC was considered a party for removal purposes when it filed a motion to intervene "and when the state court refused to rule on that motion." (Doc. 48, p. 6).  The FDIC argues that its basis for removal - that it became a party to the state court litigation when it filed the motion to intervene -  cannot be held unreasonable where there is no controlling authority in the Eleventh Circuit and conflicts among other circuits as to the "question of when the FDIC becomes a party for purposes of removal upon filing a motion to intervene." (Doc. 48, p. 9).

      The absence of controlling authority in this Circuit  and the conflicts among the circuits which have addressed this issue or similar procedural issues related to the FDIC's statutory right of removal, leads the Court to conclude that the FDIC's removal did not lack an objectively reasonable basis.  Further, as the FDIC points out, it was "testing the bounds of the law with regard to the FDIC's removal powers under 12 U.S.C. § 1819(b)(2)(B)". (Doc. 48, p. 12).  Accordingly, the motion for attorneys fees and costs is DENIED.

      DONE this the 7th day of May, 2012.

                                         **s/ Kristi K. DuBose**
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**